IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00442-MEH

GREGORIO SANCHEZ REYES,

    Petitioner,

v.

LORETTA E. LYNCH, ATTORNEY GENERAL,[1] *et al.*,

    Respondents.

---

**ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Petitioner Gregorio Sanchez Reyes' Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [filed March 3, 2015; docket #1]. The application is fully briefed, and the Court heard oral argument on August 25, 2015. Based on the argument and the record contained herein, the Court **denies** the Petitioner's Application.[2]

## BACKGROUND

    The parties agree on all of the material facts in this case. Petitioner, a citizen of Mexico, has had several illegal entries into the United States. On one such occasion, he incurred a final order of removal dated January 26, 2007. He re-entered the United States illegally on March 26, 2007. On June 17, 2014, the United States Immigration and Customs Enforcement (ICE) agency issued

---

    [1]Loretta E. Lynch replaced Eric Holder as U.S. Attorney General on April 27, 2015, after the filing of this action.

    [2]Pursuant to 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action. Docket #13.

Petitioner a Notice to Appear and detained him. His prior order of removal was reinstated that same day pursuant to 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8. At that time, he expressed a fear of returning to Mexico, which set into motion an administrative process to determine whether the United States should refrain from deporting him to Mexico. That is, an alien who has a reinstated prior order of removal and who expresses a fear of returning to his home country is referred to an asylum officer (and, if unsuccessful, to an immigration judge)[3] to determine whether the alien has a reasonable fear of persecution or torture. 8 C.F.R. § 241.8(e). If the alien succeeds in this process, he may obtain "withholding of removal," under which the Department of Homeland Security cannot execute the reinstated removal order to his country of origin. 8 U.S.C. § 1231(b)(3) (an alien may not be removed to his home country if the Attorney General decides that the alien's life or freedom would be threatened in that country due to one of the stated reasons). Even if an alien obtains relief in the reasonable fear proceedings, the reinstated removal order is not vacated or withdrawn; only its execution to the alien's home country is withheld. *See Matter of I-S & C-S-,* 24 I & N Dec. 432, 433–34 (BIA 2008) (holding that an order granting withholding of removal must include an explicit order of removal because "in order to withhold removal, there must first be an order of removal that can be withheld").

In the present case, Petitioner failed to convince an asylum officer of his reasonable fear, but the immigration judge disagreed with the officer. The immigration judge then placed Petitioner in a "withholding only" proceeding but, on March 10, 2015, found that Petitioner was not eligible for withholding of removal. That decision has been appealed to, and is pending before, the Board of

---

[3]If the alien is unsuccessful before *both* an asylum officer *and* an immigration judge, that is the end of the matter, and he is deported. If the alien convinces *either or both* of those persons, the matter is appealable (by the loser) to the Board of Immigration Appeals. *Luna-Garcia v. Holder*, 777 F.3d 1182, 1184 (10th Cir. 2015).

Immigration Appeals (BIA). In the meantime, Petitioner has been in continuous detention since June 17, 2014.

The only issue before this Court is whether the reinstated removal order is "administratively final" as that term is used 8 U.S.C. § 1231(a)(1) and (2). If administratively final, Petitioner's detention is governed by Section 1231, and such detention is mandatory, at least until it runs afoul of the constitutional prohibition against indefinite detention. If Petitioner's removal order is not administratively final under Section 1231(a)(1), his detention is governed by 8 U.S.C. § 1226, under which he is entitled to a bond hearing utilizing the typical risk of flight or risk to the community analysis.

## **ANALYSIS**

With no circuit opinions directly on point in the context of detention, the several district courts that have considered the question of administrative finality are virtually evenly split, some holding that, during the pendency of a withholding-only proceeding (through the appeal to the BIA), the removal order is not administratively final, and the alien is entitled to a bond hearing under 8 U.S.C. § 1226,[4] while others finding that the reinstated order is administratively final for purposes

---

[4] *Guerra v. Shanahan*, No. 14-CV-4203, 2014 WL 7330449, at *4 (S.D.N.Y. Dec. 23, 2014); *Guerrero v. Aviles*, No. CIV.A. 14-4367 WJM, 2014 WL 5502931, at *5 (D.N.J. Oct. 30, 2014); *Mendoza v. Asher*, No. 14–811–JCC, 2014 WL 8397145, at *1 (W.D. Wash. Sept. 16, 2014); *Uttecht v. Napolitano*, No. 8:12CV347, 2012 WL 5386618, at *2 (D. Neb. Nov. 1, 2012); *Campos v. Napolitano*, No. C 12-2682 CW, 2012 WL 5379556, at *4 (N.D. Cal. Oct. 31, 2012); *Pierre v. Sabol*, No. 1:11-CV-2184, 2012 WL 1658293, at *4 (M.D. Pa. May 11, 2012). In two other cases, respondents conceded that the reinstated removal order was not administratively final, so the courts were not confronted with the issue pending here. *Castillo v. ICE Field Office Director*, 907 F. Supp.2d 1235, 1241 (W.D. Wash. 2012) (petitioner's detention was governed by § 1226(a) where respondent conceded he was not subject to a final reinstated order of removal given that his application for withholding of removal was pending); *Lopez v. Napolitano,* No. l:12–cv–01750 MJS (HC), 2014 WL 1091336, at *3 (E.D. Cal. Mar. 18, 2014) (same).

of detention.[5] I find myself in the latter category for the following reasons.

Petitioner has a final order of removal. It was administratively final in 2007, pursuant to 8 U.S.C. § 1101(a)(47)(B). He was removed to Mexico at that time. His reappearance in the United States, without permission of the Department of Homeland Security, made him subject to reinstatement of the prior administratively final order of removal. 8 U.S.C. § 1231(a)(5). He has no avenue of relief, either administratively or judicially, from the legal fact that he has an administratively final order of removal. *Id.* However, Congress has made the political determination that persons who have been legally ordered removed from the United States should not be sent to a country where they will be tortured. This humanitarian relief comes in the form of withholding of removal. 8 C.F.R. § 208.31 (regulation implementing the Convention Against Torture, a treaty to which the United States is a signatory). Even if Petitioner prevails on his withholding claim, the United States may remove Petitioner to a country other than Mexico if such country will accept him,[6] and there is no administrative or judicial relief to which Petitioner would be entitled against such a removal. 8 C.F.R. § 1208.2(c)(3)(I) (in a withholding proceeding, "all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief"). If he loses his appeal concerning withholding of removal, he may be removed to Mexico

---

[5] *Castaneda v. Aitken*, No. 15-CV-01635-MEJ, 2015 WL 3882755, at *5 (N.D. Cal. June 23, 2015); *Acevedo-Rojas v. Clark*, No. C14-1323-JLR, 2014 WL 6908540, at *4 (W.D. Wash. Dec. 8, 2014); *Moreno-Gonzalez v. Johnson*, No. 1:14-CV-423, 2014 WL 5305470, at *3 (S.D. Ohio Oct. 15, 2014); *Khemlal v. Shanahan*, No. 14-CV-5186, 2014 WL 5020596, at *3 (S.D.N.Y. Oct. 8, 2014); *Giron–Castro v. Asher*, No. 14–867–JLR, 2014 WL 8397147, at *2 (W.D. Wash. Oct. 2, 2014); *Santos v. Sabol*, No. 3:14-CV-0635, 2014 WL 2532491, at *3 (M.D. Pa. June 5, 2014).

[6] *See* 8 U.S.C. § 1231(b)(2)(E) (defining the countries to which Petitioner could be legally deported).

4

immediately, again without any ability to challenge it.[7] Petitioner has a right of judicial review in the Tenth Circuit Court of Appeals if the BIA affirms the immigration judge's decision. *E.g.*, *Batubara v. Holder*, 733 F.3d 1040 (10th Cir. 2013). Until Petitioner's appeal to the BIA is concluded, Petitioner may not be removed. 8 C.F.R. § 1003.6. Even thereafter, if a petition for review is filed in the Tenth Circuit, the parties have informed the court that a motion for stay of execution is uniformly filed and, once filed, ICE will not remove an alien until the stay is denied or the appeal is completed.

Petitioner asks that I conflate administrative finality and judicial finality, so that only when Petitioner's appeals of any adverse administrative decision on his withholding claim are complete, the matter is considered "final" for purposes of the detention statutes. I decline to do that, because these two aspects of "finality" are distinct and serve fundamentally different and important purposes.

As a matter of subject matter jurisdiction, federal courts must await exhaustion of all administrative appeals before reviewing immigration decisions, whether by a habeas corpus action or a petition for review. *Soberanes v. Comfort*, 388 F.3d 1305, 1308-09 (10th Cir. 2004). Thus, in the judicial review context, an immigration decision is final only if the BIA has rendered its decision and, even then, it is only final as to arguments actually made to the BIA. *E.g.*, *Calderon-Rodriguez v. Terry*, 547 F. App'x 867, 869 (10th Cir. 2013) (citing *Soberanes*, *id.*); *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) ("To satisfy § 1252(d)(1), an alien must present the same specific legal theory to the BIA before he or she may advance it in court."). In the present case, no court of appeals will review Petitioner's final order of removal – as noted above, it is not reviewable. The federal courts may only review the BIA's decision on whether Petitioner has established his

---

[7]At the oral argument in this matter, the parties informed the Court that, because Petitioner is in detention, he will receive an expedited review in the BIA and, further, the Justice Department stated that it would make a specific request here for expedited consideration.

claim for withholding of removal. I do not believe this state of affairs logically renders the final order of removal "administratively non-final" for purposes of detention. Although the Judicial Branch has the constitutional authority to determine finality for judicial review purposes, Congress has the constitutional authority to define administrative finality for purposes of detention, and it has done so. *See Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003) ("The determination of when an alien becomes subject to detention under INA § 241 rather than INA § 236 is governed by INA § 241(a)(1).").

The decision in *Luna-Garcia v. Holder*, 777 F.3d 1182 (10th Cir. 2015) is an example of the courts' application of finality for purposes of judicial review, holding that "where an alien pursues reasonable fear proceedings following the reinstatement of a prior order of removal, the reinstated removal order is not final until the reasonable fear proceedings are complete." *Id.* at 1186. The court's finality analysis was focused on the issue of withholding of removal proceedings and the point at which government action is judicially reviewable. Because, in *Luna-Garcia*, all administrative and judicial proceedings concerning the issue of withholding (which was the only issue before the court) had not been completed, the removal order was not final. The court stated, "With regard to agency action generally, the Supreme Court has said that to be final, agency action must 'mark the consummation of the agency's decisionmaking process,' and it must determine 'rights or obligations' or occasion 'legal consequences.'" *Id.* at 1185.

Here, on the other hand, the immigration agency has completed the decisionmaking process on whether the Petitioner has a legal right to remain in the United States and has determined that he does not have that right. What has yet to be determined is whether he can be returned to Mexico, or whether the government must look to another country to which Petitioner will be removed. *Huang v. I.N.S.*, 436 F.3d 89, 95 (2d Cir. 2006) ("[W]ithholding of removal is a 'country-specific'

6

form of relief, *i.e.,* it bars removal to the nation of persecution, but it does not prevent exclusion and deportation to a hospitable third country."). During the pendency of that determination, there is no compelling legal reason, for purposes of detention, to treat Petitioner as an alien who is "pending a decision on whether [he] is to be removed from the United States," 8 U.S.C. § 1226(a), as opposed to an alien who "is ordered removed." 8 U.S.C. § 1231(a)(1)(A). *See Joseph v. Holder*, 600 F.3d 1235, 1241 (9th Cir. 2010) ("The BIA has noted that 'bond and removal are distinctly separate proceedings.'") (citations omitted). The ultimate purpose of a removal proceeding (for persons who do not have legal status here) is, of course, to determine an alien's admissibility into the United States. *Clark v. Martinez*, 543 U.S. 371, 373 (2006); *Yanez-Marquez v. Lynch*, 789 F.3d 434, 448 (4th Cir. 2015) ("[R]emoval proceedings determine the alien's 'eligibility to remain in this country . . .'") (quoting *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1038 (1984)). "A removal proceeding is generally 'the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States.' 8 U.S.C. § 1229a(a)(3)." *Dormescar v. U.S. Attorney Gen.*, 690 F.3d 1258, 1260 (11th Cir. 2012).

When an alien has not yet been ordered removed, as under Section 1226(a), he is, as noted above, fighting to establish eligibility to remain in the United States. An alien who has received an administratively final order of removal has lost that battle. *Castellano-Chacon v. I.N.S.*, 341 F.3d 533, 544 (6th Cir. 2003) ("Unlike an application for asylum ... a grant of an alien's application for withholding is not a basis for adjustment to legal permanent resident status[.]"). Treating these two classes of persons differently for detention purposes is not only rational but mandated by the Immigration and Nationality Act. Indeed, if Petitioner is eligible for a bond hearing under Section 1226, then by illegally re-entering the United States once again, he has attained greater rights (in terms of potential freedom to avoid detention) than he had when he was last removed in 2007. I do

7

not believe Congress intended such a result. Even more importantly, even if Petitioner *succeeds* in his withholding-only case, his detention will still be governed by Section 1231(a)(5), because his status will be that of an alien with a final order of removal. *Al-Bareh v. Chertoff*, 552 F. Supp.2d 794, 798-99 (N.D. Ill. 2008). If Petitioner had a final order of removal (and was subject to detention under Section 1231) *prior to* expressing a fear of torture, and he will have a final order of removal (and will be subject to detention under Section 1231) *after* his withholding proceedings are completed (no matter what the outcome is), I cannot see how his detention status should change as a matter of law *during* his withholding proceedings. Such a transitory appearance of new rights *vis-a-vis* an alien's ability to obtain bond makes no legal sense.

Those cases coming to a contrary decision merit discussion. The most recent decision, *Guerra*, engaged in a detailed analysis of the immigration statutes. It has three primary bases for its outcome. It first concluded that "Guerra's ability to appeal the outcome of his withholding application must be viewed as an ability to appeal his removal more generally." 2014 WL 7330449, at *3. I disagree. A withholding application only addresses the alien's ability to appeal removal to his country of origin. It explicitly does not permit his appeal of his final order of removal generally. 8 C.F.R. § 1208.2(c)(3)(I) (in a withholding proceeding, "all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief"). Next, the decision stated that "if removal orders immediately became final when reinstated, a detainee could not appeal the outcome of his withholding application, should it be decided more than thirty days after the reinstatement of his removal order – as most would be." *Guerra*, at *4. Again, I disagree with this premise. As noted above, Petitioner has the right to appeal any denial of withholding to the BIA and even to the federal court of appeals via a petition for review (and, if lucky, to the United States

8

Supreme Court by writ of certiorari). He cannot be deported during the pendency of his administrative proceeding and, if a request for stay is filed, will not be deported during judicial review. Finally, the decision cited Second Circuit authority which discussed finality with respect to judicial review, as the Tenth Circuit did in *Luna-Garcia*. For the reasons I provide herein, I do not believe such comparison to be helpful.

Similarly, the *Guerrero* case stated the following:

> Finality is defined by 8 U.S.C. § 1101(a)(47)(B), which provides that removal orders "become final upon the earlier of – (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). It follows that, if Guerrero is entitled to appeal the Immigration Judge's order that will be issued after the judge conducts the hearing regarding the withholding of Guerrero's removal to Honduras, then Guerrero's order of removal is not administratively final under § 1101(a)(47)(B).

2014 WL 5502931, at *4. I disagree with the decision's *ipso facto* conclusion. Here, under 8 U.S.C. § 1101(a)(47)(B), the order at issue was from 2007 and was final then. It does not follow that the right to an appeal of a withholding decision is the legal equivalent of a right to appeal a removal order. Petitioner's right to appeal his removal order has long since passed. The decision also states that 8 C.F.R. § 241.8(e) creates an exception to reinstatement of a prior removal order. Again, I disagree. Section 241.8(e) establishes a narrow form of *relief* from removal of the alien to his country of origin, but not an exception to the alien's status of having a final order of removal. The *Guerrero* decision also relied on the supposed impossibility of timely petitioning for judicial review of the withholding decision, as did *Guerra*. Finally, the *Guerrero* decision, as the *Guerra* decision, relied on judicial review finality, which I reject as a basis for administrative finality. Neither the *Uttrecht* nor the *Campos* decisions contained any analysis of their conclusions. The *Pierre* decision simply stated, "Petitioner still has an application for withholding of removal pending before the IJ, which means a decision has not yet been made on whether he will be removed from the United

States." 2012 WL 1658293, at *4.[8] I discuss throughout this decision why I believe the issue of withholding is not synonymous with removal.

> The one concern that gives me pause is the Tenth Circuit's broad statement in *Luna-Garcia*:
>
> When an alien pursues reasonable fear proceedings, the reinstated removal order is not final in the usual legal sense because it cannot be executed until further agency proceedings are complete. And, although the reinstated removal order itself is not subject to further agency review, an IJ's decision on an application for relief from that order is appealable to the BIA. Thus, the rights, obligations, and legal consequences of the reinstated removal order are not fully determined until the reasonable fear and withholding of removal proceedings are complete.

777 F.3d at 1185. Presented with this language without any other context, I would have to agree with Petitioner's argument. However, the court was not interpreting the meaning of "administratively final" as that term is used in 8 U.S.C. § 1231(a)(5). For example, in *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008), the Ninth Circuit held that when an alien has a pending petition for review of a removal order, the order is not administratively final under Section 1231. I agree, because an alien in that position is fighting to overturn a removal order, which is not the case here nor in *Luna-Garcia*. I believe the Tenth Circuit would interpret "administratively final" for purposes of immigration detention consistent with my analysis herein.

For the foregoing reasons, I conclude Petitioner's continued detention by the Attorney General is authorized and controlled by 8 U.S.C § 1231. Petitioner is not entitled to an individualized bond hearing under 8 U.S.C. § 1226. Consequently, he has failed to demonstrate that his current detention is unlawful. Given the fact that Petitioner's detention has substantially exceeded six months, he has a remedy for seeking review of his detention order, which is the filing of a habeas corpus petition pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116 (10th Cir. 2005). Therefore, Petitioner may amend his

---

[8]The *Mendoza* case merely relies on *Pierre*, *Uttecht*, and *Castillo* for its decision.

current Petition for a Writ of Habeas Corpus to include a request for relief under *Zadvydas*. *See Soberanes*, 388 F.3d at 1310 ("Challenges to immigration detention are properly brought directly through habeas . . . [a]nd the exhaustion deficiencies we have noted in other respects do not affect habeas jurisdiction over such claims.") (citations omitted). Any such amended Petition should be filed on or before 10 days after entry of this decision.

## CONCLUSION

Accordingly, based upon the foregoing and the entire record herein, the Court **denies** Petitioner Gregorio Sanchez Reyes' Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [filed March 3, 2015; docket #1].

Dated at Denver, Colorado, this 28th day of August, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge