IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00442-MEH

GREGORIO SANCHEZ REYES,

    Petitioner,

v.

LORETTA E. LYNCH, ATTORNEY GENERAL, *et al.*,

    Respondents.

---

**ORDER ON AMENDED PETITION FOR A WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Petitioner Gregorio Sanchez Reyes' Amended Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [filed September 4, 2015; docket #32]. The application is briefed, and the Court has determined that oral argument is not necessary. Based on the record before the Court, the Court **denies** the Amended Application.[1]

## BACKGROUND

The parties agree on all of the material facts in this case. Petitioner, a citizen of Mexico, has had several illegal entries into the United States. On one such occasion, he incurred a final order of removal dated January 26, 2007. He re-entered the United States illegally on March 26, 2007. On June 17, 2014, the United States Immigration and Customs Enforcement (ICE) agency issued Petitioner a Notice to Appear and detained him. His prior order of removal was reinstated that same day pursuant to 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8. At that time, he expressed a fear of

---

[1] Pursuant to 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action. Docket #13.

returning to Mexico, which set into motion an administrative process to determine whether the United States should refrain from deporting him to Mexico. That is, an alien who has a reinstated prior order of removal and who expresses a fear of returning to his home country is referred to an asylum officer (and, if unsuccessful, to an immigration judge)[2] to determine whether the alien has a reasonable fear of persecution or torture. 8 C.F.R. § 241.8(e). If the alien succeeds in this process, he may obtain "withholding of removal," under which the Department of Homeland Security cannot execute the reinstated removal order to his country of origin. 8 U.S.C. § 1231(b)(3) (an alien may not be removed to his home country if the Attorney General decides that the alien's life or freedom would be threatened in that country due to one of the stated reasons). Even if an alien obtains relief in the reasonable fear proceedings, the reinstated removal order is not vacated or withdrawn; only its execution to the alien's home country is withheld. *See Matter of I-S & C-S-,* 24 I & N Dec. 432, 433–34 (BIA 2008) (holding that an order granting withholding of removal must include an explicit order of removal because "in order to withhold removal, there must first be an order of removal that can be withheld").

In the present case, Petitioner failed to convince an asylum officer of his reasonable fear, but the immigration judge disagreed with the officer. The immigration judge then placed Petitioner in a "withholding only" proceeding but, on March 10, 2015, found that Petitioner was not eligible for withholding of removal. That decision was appealed to the Board of Immigration Appeals (BIA). The BIA issued its decision denying Petitioner's appeal on September 2, 2015. The deadline for filing a petition for review in the Tenth Circuit was October 2, 2015, and no such petition was filed.

---

[2]If the alien is unsuccessful before *both* an asylum officer *and* an immigration judge, that is the end of the matter, and he is deported. If the alien convinces *either or both* of those persons, the matter is appealable (by the loser) to the Board of Immigration Appeals. *Luna-Garcia v. Holder*, 777 F.3d 1182, 1184 (10th Cir. 2015).

In the meantime, Petitioner has been in continuous detention since June 17, 2014.

The only issue before this Court is whether Petitioner's detention is unlawful under the standard established by *Zadvydas v. Davis*, 533 U.S. 678 (2001). Based on my review of binding precedent, the petition must be **denied.** Petitioner is not, as a matter of law, in a state of indefinite detention as defined by *Zadvydas* and those lower court decisions applying it.

## ANALYSIS

Under 8 U.S.C. § 1231(a), the United States detains an alien during the ninety-day removal period. 8 U.S.C. § 1231(a)(2). If an alien is removable, such detention may continue beyond ninety days, for as long as "reasonably necessary" to effectuate the removal. *Zadvydas*, 533 U.S. at 689, 699. Six months' detention (beginning with the date of removal) is a presumptively reasonable time in which to effectuate an alien's removal. *Id.* at 701. Once this six-month period has passed, the Constitution requires that the alien may be released if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* In this Circuit, the six-month presumptively reasonable period is tolled when an alien requests judicial review of a removal order. *Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (detention "directly associated with a judicial review process . . . has a definite and evidently impending termination point" and is therefore lawful). *See also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (the filing of a motion for stay of deportation interrupts the running of time under *Zadvydas*). Thus, Petitioner has not even been detained and awaiting removal for the presumptively reasonable period of six months.

Accordingly, given the running of the time for filing a petition for review of the BIA's denial of withholding of removal, there is no legal impediment for Petitioner's removal to Mexico, which is a country to which aliens are constantly removed. Absent a change in circumstances, such as the

4

United States' failure to effectuate removal in a timely fashion, I cannot find a constitutional basis for determining the Government's detention of Petitioner to be unlawful.

## CONCLUSION

Accordingly, based upon the foregoing and the entire record herein, the Court **denies** Petitioner Gregorio Sanchez Reyes' Amended Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [filed September 4, 2015; docket #32].

Dated at Denver, Colorado, this 19th day of October, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge